******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## STATE OF CONNECTICUT *v.* KELLY NIXON
### (SC 20848)

McDonald, D'Auria, Mullins, Ecker, Alexander and Dannehy, Js.*

*Syllabus*

The defendant appealed from the judgment of the trial court, which dismissed his motion to correct an illegal sentence for lack of subject matter jurisdiction. He claimed, inter alia, that the trial court had incorrectly concluded that it lacked authority under the statute (§ 18-98d) governing presentence confinement credit to direct the commissioner of correction to apply such credit to his sentence. *Held*:

The issue of whether the trial court has authority to direct the commissioner to apply presentence confinement credit to a sentence was resolved in the companion case of *State* v. *Hurdle* (350 Conn. 770), in which this court held that trial courts do have authority to direct the commissioner to apply such credit to a sentence on a judgment mittimus.

The trial court improperly dismissed the defendant's motion to correct an illegal sentence, as the court had jurisdiction over that motion under the applicable rule of practice (§ 43-22) because the motion raised a colorable claim that the defendant's plea agreement required that he receive a certain number of days of presentence confinement credit, and there was no indication in the record that, as part of the plea agreement, the defendant waived his right to the reduction in his sentence mandated by § 18-98d.

Accordingly, the trial court's judgment was reversed and the case was remanded so that the trial court could consider the merits of the defendant's motion to correct.

Argued April 25—officially released December 10, 2024

*Procedural History*

Information, in the first case, charging the defendant with the crimes of burglary in the third degree and larceny in the fourth degree, and substitute information, in the second case, charging the defendant with the crime of attempt to commit robbery in the first degree,

---

* This case originally was argued before a panel of this court consisting of Chief Justice Robinson and Justices McDonald, D'Auria, Mullins, Ecker, Alexander, and Dannehy. Thereafter, Chief Justice Robinson retired from this court and did not participate in the consideration of this case.

The listing of justices reflects their seniority status on this court as of the date of oral argument.

brought to the Superior Court in the judicial district of New Britain, where the defendant was presented to the court, *Geathers, J.*, on pleas of guilty to burglary in the third degree and attempt to commit robbery in the first degree; judgments of guilty in accordance with the pleas; subsequently, the court, *Keegan, J.*, dismissed the defendant's motion to correct an illegal sentence, and the defendant appealed. *Reversed*; *further proceedings*.

*James B. Streeto*, senior assistant public defender, for the appellant (defendant).

*Linda F. Rubertone*, senior assistant state's attorney, with whom, on the brief, were *Christian M. Watson* and *Matthew C. Gedansky*, state's attorneys, and *Robert Mullins*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Kelly Nixon, appeals[1] from the judgment of the trial court dismissing his motion to correct an illegal sentence for lack of subject matter jurisdiction. On appeal, the defendant claims that the trial court incorrectly concluded that it lacked authority under General Statutes § 18-98d[2] to direct the

---

[1] The defendant appealed to the Appellate Court, and we transferred the appeal to this court. See General Statutes § 51-199 (c) and Practice Book § 65-2.

[2] General Statutes § 18-98d provides in relevant part: "(a) (1) (A) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, and prior to October 1, 2021, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (i) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (ii) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement  . . . ."

commissioner of correction (commissioner) to apply a specific number of presentence confinement credits to his sentence. We agree and, accordingly, reverse the judgment of the trial court.

The record reveals the following relevant facts. The defendant was charged with multiple offenses in connection with a string of robberies and burglaries that occurred in September and October, 2020, in the judicial districts of Tolland, Windham, Hartford, and New Britain. He was incarcerated immediately following his arrest on October 27, 2020.

On December 3, 2021, during pretrial proceedings in the judicial district of Tolland, State's Attorney Matthew C. Gedansky informed the court that he was working with the state's attorneys in the other judicial districts to achieve a global resolution of all charges. The defendant then reached an agreement with the state whereby he would plead guilty to certain charges in exchange for a total effective sentence of ten years of imprisonment, followed by five years of special parole. Pursuant to the terms of the plea agreement, the sentences were to run concurrently and to be stayed until April 1, 2022, so that they all would take effect on the same date.

On January 28, 2022, Gedansky informed the court that the global resolution would "be structured in a certain way to make sure that [the defendant's] pretrial credit doesn't get harmed in any way . . . ." Subsequently, the defendant entered guilty pleas in each of the judicial districts. On March 10, 2022, in the judicial district of New Britain, the defendant pleaded guilty to attempt to commit robbery in the first degree under docket number HHB-CR-21-0333647-T and burglary in the third degree under docket number H15N-CR-21-

---

Although § 18-98d (a) (1) was amended by No. 21-102, § 21, of the 2021 Public Acts, those amendments have no bearing on this appeal. In the interest of simplicity, we refer to the current revision of the statute.

0332103-S, and received a total effective sentence of ten years of imprisonment, followed by five years of special parole. In accordance with the terms of the global plea agreement, the court issued a "no body" mittimus and stayed the sentence until April 1, 2022.

On March 11, 2022, in the judicial district of Windham, the defendant pleaded guilty to two counts of robbery in the second degree and received a total effective sentence of seven and one-half years of imprisonment, followed by five years of special parole. During the sentencing hearing, the court sought confirmation that the sentences were to be stayed until April 1, 2022. Defense counsel responded in the affirmative, stating: "[The stay] will be lifted . . . on April 1, so that he's got, you know, all the credit for every one on the same date." The court responded, "[u]nderstood."

On March 31, 2022, in the judicial district of Hartford, the defendant pleaded guilty to robbery in the second degree and was sentenced to five years of imprisonment. At that time, defense counsel informed the court: "[T]he only thing I will indicate to the court is that [the defendant], and I had a long talk about his jail credit, which isn't an issue here. It was more of an issue in . . . New Britain. I didn't have a chance to let him know that I did . . . speak with his . . . New Britain attorney, Attorney Christopher Eddy, who will ask for credit on the mittimus tomorrow, for the dates that . . . [the defendant] and I talked about."

On April 1, 2022, in the judicial district of Tolland, the defendant pleaded guilty to robbery in the first degree and was sentenced to ten years of imprisonment, followed by five years of special parole. During the sentencing hearing, defense counsel asked the court to note on the mittimus that the defendant had been incarcerated since October 27, 2020. The court responded that it would make such a notation and then informed

the defendant: "I want to let you know you may have credit for the time you've been held."

Also on April 1, 2022, Eddy appeared before the court in New Britain without the defendant and requested that the court note on the mittimus that the defendant was entitled to presentence confinement credit from August 26, 2021, to April 1, 2022. The court asked Eddy whether the defendant was free when the arrest warrant was signed in docket number HHB-CR-21-0333647-T. Eddy responded: "No, he's . . . been incarcerated since October, 2020, and there was [an] ongoing investigation, and the warrant was signed [on] August 26, 2021, but he was not served until September 15, 2021, because of the [COVID-19] pandemic." The court declined to make the requested notation, stating that, because the defendant was incarcerated when the arrest warrant was signed, it would "just leave that up to [the commissioner]."

On January 18, 2023, the defendant filed a motion to correct an illegal sentence in the judicial district of New Britain, arguing that, although he had been promised a total effective sentence of ten years of imprisonment and 521 days of presentence confinement credit, the commissioner applied only 198 days of credit to his sentence in docket number HHB-CR-21-0333647-T and 302 days of credit to his sentence in docket number H15N-CR-21-0332103-S. As a result, he argued, he will have to serve a total effective sentence of nearly eleven years of imprisonment. The defendant argued that an "explicit inducement" to his entering into a plea agreement was that his total effective sentence would result in a sentence of ten years of imprisonment, followed by five years of special parole, calculated from the date of his initial arrest on October 27, 2020. He asked the court to order the commissioner to apply 521 days of presentence confinement credit to his sentences in docket numbers HHB-CR-21-0333647-T and H15N-CR-

21-0332103-S. The defendant further argued that "[t]he state's failure to abide by the terms of the defendant's plea agreement constituted a material breach of [the] agreement pursuant to *Santobello* [v. *New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971)]." The trial court dismissed the defendant's motion to correct for lack of subject matter jurisdiction, citing the Appellate Court's decision in *State* v. *Hurdle*, 217 Conn. App. 453, 288 A.3d 675 (2023), in which the court determined that the trial court lacked authority under § 18-98d to award presentence confinement credit. See id., 461, 469.

On appeal, the defendant argues that *State* v. *Hurdle*, supra, 217 Conn. App. 453, was wrongly decided, and, therefore, the trial court improperly dismissed his motion to correct. The defendant further argues that, because his plea agreement with the state explicitly included 521 days of presentence confinement credit, that credit must be applied across all of his sentences or else he must be allowed to withdraw his plea. The state counters that *Hurdle* was correctly decided, and, as such, the trial court properly dismissed the defendant's motion for lack of subject matter jurisdiction. In the alternative, the state contends that the motion was properly dismissed because, "on its face, the motion did not actually challenge the manner in which the court imposed sentence, but, rather, it challenged the manner in which the [commissioner] had applied the defendant's presentence confinement credits, which is a matter for the habeas court." The state further contends that, even if the defendant's motion to correct can be construed as attacking the legality of the sentencing proceeding, "the factual basis [on] which [the defendant's] claim rests, namely, [Gedansky's] single remark at the January 28, 2022 pretrial hearing . . . does not suffice to show that it was plausible that the New Britain court imposed sentence contrary to the [plea] agree-

ment by failing to order presentence confinement credits on the mittimus. . . .

"Other than [Gedansky's] isolated remark, the motion does not include any facts demonstrating a mutual understanding between the parties that the plea agreement included presentence confinement credit. The motion contains no statements, by the defendant or any of his four defense attorneys at any of the various court proceedings, in support of [the defendant's claim]."

The issue of whether the trial court has authority to order the commissioner to apply specific presentence confinement credit to a sentence was addressed in the companion case that we also decided today, *State* v. *Hurdle,* 350 Conn. 770,    A.3d    (2024), in which we concluded that trial courts have the authority to direct the commissioner to apply specific presentence confinement credit to a sentence on a judgment mittimus. Id., 773, 785. Our examination of the issue in *Hurdle* addresses the arguments of the parties in the present case with respect to this issue.

The state argues nonetheless that this court can affirm the trial court's judgment on an alternative ground. Specifically, the state argues that the trial court properly dismissed the defendant's motion to correct because the motion failed to allege a plausible claim that the New Britain court imposed a sentence that was contrary to the plea agreement when it failed to order 521 days of presentence confinement credit on the mittimus. We are not persuaded.

Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." "Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way [that] vio-

lates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) *State* v. *Ward*, 341 Conn. 142, 150–51, 266 A.3d 807 (2021). This case involves the third category of illegal sentences.

"Because of the limited nature of the court's jurisdiction [to correct an illegal sentence], we . . . have explained that the trial court has jurisdiction over a motion to correct only if the defendant raises a colorable claim within the scope of Practice Book § 43-22 that would, if the merits of the claim were reached and decided in the defendant's favor, require correction of a sentence." (Emphasis omitted; internal quotation marks omitted.) Id., 151–52. "A colorable claim is one that is superficially well founded but that may ultimately be deemed invalid . . . . For a claim to be colorable, the defendant need not convince the trial court that he necessarily will prevail; he must demonstrate simply that he might prevail. . . . The jurisdictional and merits inquiries are separate; whether the defendant ultimately succeeds on the merits of his claim does not affect the trial court's jurisdiction to hear it." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Evans*, 329 Conn. 770, 784, 189 A.3d 1184 (2018), cert. denied,      U.S.     , 139 S. Ct. 1304, 203 L. Ed. 2d 425 (2019).

We conclude that the defendant's motion to correct raises a colorable claim that the plea agreement required the defendant to receive 521 days of presentence confinement credit. On January 28, 2022, Gedansky informed the trial court that the global resolution would "be structured in a certain way to make sure that [the defendant's] pretrial credit doesn't get harmed in any way

. . . .'' Because the defendant's sentences were to run concurrently under the plea agreement, the very harm of which Gedansky spoke would have come to pass if the 521 days were not applied to the New Britain sentences. Moreover, there was no reason for the parties to agree to stay the defendant's sentences until April 1, 2022, "so that [the defendant gets] . . . all the credit for every [sentence] on the same date," if the credit was not going to make any difference with respect to the defendant's release date.[3]

---

[3] The parties' agreement to stay the sentences until April 1, 2022, can only be seen as an effort to avoid this court's holding in *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 860 A.2d 715 (2004). As discussed in the companion case of *Hurdle*, "the legislature amended § 18-98d (a) (1) in 2021 to add a new subparagraph (B), which addresses the calculation of presentence confinement credit in the case of multiple concurrent sentences pending at the time that the sentence was imposed. See Public Acts 2021, No. 21-102, § 21 (P.A. 21-102). That provision provides in relevant part: 'Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after October 1, 2021, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (i) each day of presentence confinement shall be counted equally in reduction of any concurrent sentence imposed for any offense pending at the time such sentence was imposed; [and] (ii) each day of presentence confinement shall be counted only once in reduction of any consecutive sentence so imposed . . . .' General Statutes § 18-98d (a) (1) (B).

"The legislative history of that provision indicates that it was enacted in response to this court's decision in *Harris*. See Conn. Joint Standing Committee Hearings, Judiciary, Pt. 5, 2021 Sess., p. 3070, remarks of Frank J. Riccio II, president of the Connecticut Criminal Defense Lawyers Association (explaining that result of *Harris* was that '[d]efendants with files in multiple court locations could inadvertently lose earned pretrial credits if they are sentenced on different dates' and that '[P.A. 21-102] would remedy that problem'). The legislature's enactment of subparagraph (B) of § 18-98d (a) (1) strongly suggests that it did not agree with the result of this court's decision in *Harris* and intended to overrule it prospectively. See General Statutes § 18-98d (a) (1) (B) (provision applies only to persons who committed offense on or after October 1, 2021). Because the trial court declined to order any presentence confinement dates on the judgment mittimus in the present case, the continuing vitality of *Harris* and our other § 18-98d

Finally, we note that § 18-98d (a) (1) (A) provides in relevant part that "[a]ny person who is confined to a community correctional center or a correctional institution . . . under a mittimus or because such person is unable to obtain bail or is denied bail *shall*, if subsequently imprisoned, *earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed . . . .*" (Emphasis added.) There is no indication in the record that, as part of the plea agreement, the defendant waived his right to the reduction in sentence mandated by the statute. To the contrary, the record indicates that the plea agreement contemplated that the defendant would receive all of the credit to which he was entitled and that some presentence confinement credits were, in fact, applied to all of his sentences. In the absence of evidence that the defendant expressly waived his rights under § 18-98d (a) (1) (A), the presumption must be that the parties intended to follow the law. See, e.g., *State* v. *Obas*, 320 Conn. 426, 444, 446–48, 130 A.3d 252 (2016) (because "ambiguous language of a plea agreement must be construed against the state," court would not infer from defendant's assent to register as sex offender for ten years that he forfeited his statutory right to request exemption from registration); *State* v. *Rivers*, 283 Conn. 713, 725, 931 A.2d 185 (2007) ("[b]ecause the government ordinarily has certain awesome advantages in bargaining power, any ambiguities in the [plea] agreement must be resolved in favor of the defendant" (internal quotation marks omitted)).

case law in the wake of the 2021 amendment to the statute is not before us. Accordingly, we leave to another day any questions concerning the proper calculation of presentence confinement in cases subject to its terms." *State* v. *Hurdle*, supra, 350 Conn. 793–94 n.19.

Because the trial court incorrectly determined that it had no authority to direct the commissioner to apply presentence confinement credits to the defendant's sentences and, therefore, that it did not have jurisdiction over the defendant's motion to correct, the case must be remanded to that court so that it may consider the merits of the defendant's motion.

The judgment is reversed and the case is remanded for further proceedings according to law.